# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL J. SMITH, III, : <br> 5268 Marlboro Pike, Apt. 404 : <br> Capital Heights, Maryland 20743 : <br> : <br> Plaintiff, : <br> : <br> : <br> v. : <br> : <br> HOLLAND, LP : <br> 1000 Holland Drive : <br> Crete, Illinois 60417 : <br> : <br> and : <br> : <br> PLASSER AMERICAN CORP., : <br> 2001 Myers Road : <br> Chesapeake, Virginia 23324 : <br> : <br> Defendants. : | Case No. 16-2242 <br> [Formerly Superior Court of the <br> District of Columbia– Case No.: <br> 2016 CA007228 B] |

## NOTICE OF REMOVAL

Defendant, Holland LP, by counsel, hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support of such notice, states as follows:

## BACKGROUND

On or about September 30, 2016, Plaintiff filed a Complaint in the Superior Court of the District of Columbia styled as *Daniel J. Smith, III v. Holland, LP, et al.*, under the case number: Civil Action No. 2016 CA 007228 B.

Defendant Holland, LP, ("Holland") was served on October 31, 2016. Upon information and belief, Defendant Plasser American Corp., ("Plasser") was served on October 28, 2016.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Holland is attached hereto as **Exhibit A**. The Complaint asserts eleven separate counts. As to Defendant Holland, the Plaintiff seeks relief on seven counts involving negligence, negligence *per se*, negligent hiring/supervising/training, strict liability, defective design and manufacture, and failure to warn. With regard to Defendant Plasser, Plaintiff asserts four additional counts involving strict product liability, defective design, defective manufacture, and failure to warn. The Complaint seeks compensatory damages in the amount of three million dollars ($3,000,000.00).

## GROUNDS FOR REMOVAL

### A. Diversity Jurisdiction, 28 U.S.C. § 1332

This action may be removed to this Court by Defendant Holland pursuant to the provisions of Title 28 of the United States Code, Section 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth more fully below. *See Busby v. Capital One, N.A.*, 932 F.Supp.2d 114, 126 (D.D.C. 2013) ("A defendant has the right to remove to federal court an action brought in state court where the federal court has original subject matter jurisdiction...."). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, and when the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a). Here, Defendant Holland meets all the requirements of the statute permitting it to remove this action to the United States District Court for the District of Columbia.

### 1. *Diversity of Citizenship*

Plaintiff, Daniel Smith, III, alleges in his Complaint that he is a resident of Maryland, and his address on the initial page of the Complaint supports that assertion by listing his address in Prince George's County.

Defendant Holland is a limited partnership formed in the state of Illinois and with its principal place of business in Illinois. The citizenship status of a limited partnership is determined by the citizenship of its members. *Carden v. Arkoma Associates,* 494 U.S. 185, 195, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990). As such, limited partnerships "do not enjoy corporate citizenship," but carry the citizenship of each of their members. *Johnson-Brown v. 2200 M St. LLC,* 257 F. Supp. 2d 175, 178 (D.D.C. 2003). Thus, in order to determine whether or not there exists diversity of citizenship, the Court needs to examine the citizenship of all of the members of Defendant Holland.

Holland is composed of one general and one limited partner. Both partners, in this instance, are corporations. A corporation is only deemed to be a "citizen" in the state in which it is incorporated and the state it utilizes as its principal place of business. *See Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (2006) (corporation is deemed a "citizen" for §1332 purposes only in its state of incorporation and in the state where its principal place of business is located). The general partner of Holland is Curran Rail Management, Inc., a Delaware corporation with its principal place of business in Illinois. The limited partner of Holland is Curran Rail Service Inc., a Delaware corporation with its principal place of business in Illinois. Thus, Defendant Holland has citizenship in Delaware and Illinois. *See* Exhibit B, Affidavit of Holland, LP's Risk Manager, Ed Muncie.

Defendant Plasser is believed to be incorporated in Delaware with its principal place of business in Virginia.  As such, Defendant Plasser American Corp. is a citizen of both Delaware and Virginia.  *See id.*

Thus, all parties in this matter are diverse.

### 2. *Jurisdictional Amount*

Plaintiff seeks compensatory damages in the amount of three million dollars ($3,000,000.00) and thus the amount in controversy clearly exceeds the jurisdictional requirement, under 28 U.S.C. §1332, that the amount be in excess of $75,000.00.

### 3. *Timeliness*

Defendant Holland was served via Certified Mail on October 31, 2016, and as such this Notice was due on or before November 30, 2016.  Accordingly, this Notice, filed on November 11, 2016, was filed well within the thirty (30) day requirement pursuant to 28 U.S.C. §1446(b).

### 4. *Consent of all Defendants*

Pursuant to 28 U.S.C.A. § 1446(b)(2)(A), "all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added).   As noted earlier, Defendant Plasser was served, upon information and belief, on October 28, 2016.  Counsel for Defendant Holland conferred with counsel for Defendant Plasser, Christopher Costabile, Esq., who provided Plasser's consent to this Notice of Removal.

### 5. *Notice of Removal*

Defendant Holland, LP will promptly notify Plaintiff of removal by service of this Notice and the appropriate Notice will be promptly filed with the Superior Court of the District of Columbia.  The Superior Court's Case File Express on-line filing system will also provide prompt notice of this filing.

6. *Compliance with Rules 81 and 6.*

Defendant Holland, LP filed its Answer in response to the Complaint in the Superior Court of the District of Columbia prior to filing this Notice of Removal. It is included in the attachment provided in Exhibit A.

## CONCLUSION

Defendant Holland has complied in all respects with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court therefore has original jurisdiction over this matter because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

WHEREFORE, Defendant Holland, LP respectfully gives notice that this cause has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

HOLLAND, LP
By Counsel

Carr Maloney P.C.

By: */s/ Kenneth G. Stallard*
Kenneth G. Stallard, Esq., #419443
2020 K Street, NW, Suite 850
Washington, D.C. 20006
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
kgs@carrmaloney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2016, a copy of the foregoing *Notice of Removal* was sent by email and first-class mail, postage prepaid to:

>Benjamin Boscolo, Esq.
>ChasenBoscolo Injury Lawyers
>7852 Walker Drive, Suite 300
>Greenbelt, Maryland 20770
>*Counsel for Plaintiff*
>
>Christopher Costabile, Esq.
>10555 Main Street, Suite 400
>Fairfax, Virginia 22030
>*Counsel for Defendant Plasser American Corp.*

>>*/s/ Kenneth G. Stallard*
>>Kenneth G. Stallard